IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny El Rybolt,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV 11-1119-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

　　Danny El Rybolt filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 3, 2011, challenging his 1981 convictions for one count of burglary and four counts of sexual assault, and the trial court's imposition of aggravated, consecutive 28-year prison terms. Rybolt raises six grounds for habeas relief, arguing the illegality of his aggravated, consecutive sentences, the ineffective assistance of counsel for failing to object to his sentences, the State's failure to produce physical evidence, and trial counsel's deficient performance in overlooking newly discovered evidence and failing to prove his innocence. Respondents argue that Rybolt's petition is untimely filed, and that his claims are unexhausted and procedurally defaulted. On June 6, 2012, Rybolt filed a "Motion to Reverse and Vacate as Judgment is Void" in connection with his habeas petition (Doc. 31). For the following reasons, the Court recommends that the motion be denied and the petition be denied and dismissed with prejudice.

**BACKGROUND**

The facts surrounding the offense are stated in the court of appeals' June 29, 1982 opinion:

> At trial, Victim One testified that she had returned home from taking her younger daughter to school at approximately 9:00 a.m. Appellant entered her home, held a knife to her back and threatened to stab her with it. He tied her in a spread-eagle fashion to the bed and sexually assaulted her by fondling her breasts and vagina, attempting to force a package of refrigerated cookie dough into her vagina, and twice forcing her to perform fellatio upon him. The victim described appellant's manner as deliberate, calm and collected as he methodically committed the offenses. Before leaving, he told her, "Now you know what it's like to be afraid."
>
> On the same day at approximately 8:30 p.m. appellant forced his way into the home of Victim Two. He held a knife to her throat and back and tied her in a similar fashion while he threatened her. He cut her dress off with the knife. After fondling her breasts, he raped and sodomized her and forced her to submit to cunnilingus and fellatio. While he was standing over the victim, holding a ketchup bottle in his hand and pouring ketchup on her back, her roommate arrived home. A scuffle occurred between them and appellant fled on foot. His fingerprints were found on a knife in one house and on a cup in the other house.

(Doc. 16, Exh C, *State v. Rybolt*, 133 Ariz. 276, 278 (App. 1982)).

The court of appeals affirmed Rybolt's convictions and sentences; the mandate issued on September 21, 1982 (*Id.*, Exh OO). More than 14 years later, on September 23, 1996, Rybolt filed a Notice of Post-conviction Relief (*Id.*, Exh E). On February 3, 1997, appointed counsel filed a Notice of Completion of Post-Conviction Review, finding one colorable claim based upon a retroactive change in the law (*Id.*, Exh F). Rybolt elected to proceed *pro se*; counsel was later reinstated to remain on the case until the trial court made its required review and disposition (*Id.*, Exh G, H). On May 29, 1997, Rybolt filed a petition for post-conviction relief, raising 13 claims; on July 14, 1997, the State filed a response, and Rybolt filed a reply on August 12, 1997 (*Id.*, Exh I, J). On March 12, 1998, Rybolt was resentenced; on appeal the resentencing was affirmed, and the court of appeals mandate was issued on December 29, 1999 (*Id.*, Exh Q-W). During this time, Rybolt filed several *pro se* pleadings related to his post-conviction proceedings; review was denied by the supreme court on September 7, 2000 (*Id.*, Exh X-DD).

1  Over six year later, on October 17, 2006, Rybolt filed a second notice of post-conviction relief, arguing the illegality of his 1982 and 1997 sentences (*Id.*, Exh EE).  On October 30, 2006, the trial court ruled the notice untimely, and dismissed the notice on the grounds that Rybolt was precluded from relief because the claim should have been raised on direct appeal (*Id.*, Exh FF).  On November 14, 2008, Rybolt filed a third notice of post-conviction relief, arguing that newly discovered facts and a significant change in the law would affect his sentences (*Id.*, Exh GG).  In this notice, he raised for the first time a claim of ineffective assistance of appellate counsel.  The trial court dismissed the notice as untimely, and also ruled that (1) Rybolt had not alleged any newly discovered facts; (2) the change in law cited was not applicable to his case; and (3) there was no significant change in the law (*Id.*, Exh HH).  Rybolt's June 1, 2009 petition for review was denied by the court of appeals on June 3, 2010 (*Id.*, Exh JJ, LL).  His August 17, 2010 petition for review was denied by the supreme court on December 21, 2010 (*Id.*, Exh MM, NN).  Rybolt filed his federal petition on June 3, 2011.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), established a one-year statute of limitations for state prisoners to file a habeas petition in federal court.  A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  In cases where the conviction became final before the enactment of the AEDPA, the period of limitations begins to run on April 25, 1996, the day after the enactment of the AEDPA. 28 U.S.C. § 2244(d)(1)(A); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

1  Although Rybolt's conviction became final in 1982, the statute of limitations began
2 to run on April 25, 1996. The limitations period continued to run for 151 days until
3 September 23, 1996, when Rybolt filed his Notice of Post-Conviction Relief. The statute
4 was then tolled until September 7, 2000, when the Arizona Supreme Court denied review.
5 *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007). Then Rybolt had 214 days
6 within which to file his federal petition. Absent any tolling, his petition, filed over 10 years
7 after the expiration of the limitations period, is untimely.

8  Rybolt is not entitled to any statutory tolling. He filed nothing for over six years.
9 Although the one-year statute of limitations is tolled during the time a "properly filed" state
10 application for post-conviction review with respect to the relevant claim is pending, Rybolt's
11 post-conviction pleadings filed after the period of limitations had expired did not serve to
12 restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.
13 2003). In addition, Rybolt has not demonstrated that he is entitled to equitable tolling. He
14 has not established that he had been "pursuing his rights diligently," and that "some
15 extraordinary circumstance stood in [his] way." *Holland v. Florida*, 560 U.S. __, 130 S.Ct.
16 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005)).

17  **IT IS THEREFORE RECOMMENDED** that Danny El Rybolt's Petition for Writ
18 of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 1)

19  **IT IS FURTHER RECOMMENDED** that Rybolt's Motion to Vacate be **denied**
20 (Doc. 31).

21  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
22 to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is
23 justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

24  This recommendation is not an order that is immediately appealable to the Ninth
25 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26 Appellate Procedure, should not be filed until entry of the district court's judgment. The
27 parties shall have fourteen days from the date of service of a copy of this recommendation

within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 6th day of November, 2012.

_____
David K. Duncan
United States Magistrate Judge