**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Danny El Rybolt,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.<br><br>          Respondents. | No. CV-11-01119-PHX-PGR (DKD)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Duncan in light of the petitioner's Objection to the Report and Recommendation of United States Magistrate Judge David K. Duncan (Doc. 41) and the petitioner's various other post-Report and Recommendation submissions, the Court finds that the petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed with prejudice as time-barred because it was filed over ten years after the expiration of the AEDPA's one-year statute of limitations[1] and the

---

[1] Under the AEDPA, the plaintiff had until April 10, 2001 to file his habeas petition, but he did not file it until June 3, 2011. Because the petition was not timely filed, the Court cannot resolve the merits of the petition.

petitioner has not shown that the limitations period should be equitably tolled.[2] Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 36) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Motion to Reverse and Vacate as Judgment is Void-Rule 6(c)(4) (Doc. 31), motion to remove or strike lines 6-7 of page 2 of the Report and Recommendation (Docs. 39 & 40), Motion for Judgment of Acquittal - Federal Rules of Criminal Procedure 29(a) (Docs. 42 & 46), Motion for a Franks Hearing Then a Judgment of Acquittal (Docs. 42 & 46), Motion for Compulsory Process as a Constitutional Right of Petitioner/Full Disclosure of Accounting Because of Fraud on Court (Docs. 44 & 49), Motion in Form of Declaration and Subpoena A.D.O.C. Records from I&I and or S.S.U. from 1998-1999 (Docs. 45 & 48), and Motion for Remedy for Injury and Damages (Doc. 50) are all denied.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because the dismissal of the peitioner's habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment

---

[2] The petitioner is not entitled to equitably tolling because he has not met his heavy burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

1  accordingly.

2  DATED this 4th day of March, 2013.

Paul G. Rosenblatt
United States District Judge