**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny El Rybolt,<br><br>      Petitioner,<br><br>vs.<br><br>Charles L. Ryan,<br><br>      Respondent. | No. CV-11-01119-PHX-PGR<br><br><u>ORDER</u> |

     In an Order (Doc. 51) entered on March 4, 2013, the Court dismissed the petitioner's § 2254 petition with prejudice on the ground that it was time-barred due to being filed more than ten years after the expiration of the AEDPA's one-year statute of limitations.  In the same order, the Court denied a number of the petitioner's pending motions, including his Motion to Reverse and Vacate as Judgment is Void-Rule 6(c)(4) (Doc. 31), filed June 6, 2012.  Pending before the Court is the petitioner's Motion to Correct Errors in Document: 51 Court Order (Doc. 53), filed March 7, 2013, which the Court construes as a request that the Court reconsider the denial of the Motion to Reverse and Vacate as Judgment is Void-Rule 6(c)(4) (Doc. 31).  The petitioner filed a Notice of Appeal (Doc. 54) from the Court's judgment of dismissal on April 2, 2013.

1  Having reviewed the reconsideration motion, the Court finds that it should be denied. The Court acknowledges that the petitioner filed a Correction of Cover Page (part of Doc. 33) on June 14, 2012, in which he stated that the motion he wants reconsidered should have been denominated as a Rule 60(c)(4) motion, and the Court understood at the time it entered its order and judgment of dismissal that the petitioner was arguing that his state court judgment should be vacated as being void, and presumed that he was referring to Fed.R.Civ.P. 60(b)(4).[1] The Court denied the motion to vacate, using the title of the motion as it was originally filed, because such a motion was procedurally improper at the time it was filed because no judgment had yet been entered on the petitioner's federal habeas petition. Since a Rule 60 motion to vacate cannot be substituted for a federal habeas action, it cannot be properly filed during the pendency of the federal habeas action. Therefore,

IT IS ORDERED that the petitioner's Motion to Correct Errors in Document Number: 51 Court Order (Doc. 53) is denied.

DATED this 6th day of May, 2013.

Paul G. Rosenblatt
United States District Judge

---

[1] Since there is no Federal Rule of Civil Procedure 60(c)(4), the Court assumed that the "Rule 60(c)(4)" cited by the petitioner was a misguided reference to Arizona Rule of Civil Procedure 60(c)(4), which is the state counterpart to Fed.R.Civ.P. 60(b)(4). The state procedural rule has no applicability in this federal habeas action.